# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| RICHARD ALLAN ATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-CV-230-CLC-MCLC |
| | ) | |
| TERESA LAWS, ESCO JARNIGAN, and DOUG RICH, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This pro se prisoner's civil rights action under 42 U.S.C. § 1983 was filed on December 20, 2017 [Doc. 2]. On March 7, 2018, the Court found that Plaintiff's complaint, as pled, did not state a claim upon which relief may be granted, but allowed Plaintiff to file an amended complaint within twenty-one (21) days of the entry of the Court's Order [Doc. 4 p. 10]. Plaintiff filed a motion for an extension of time to file an amended complaint on April 2, 2018 [Doc. 5]. On April 11, 2018, the Court granted Plaintiff's motion for an extension of time, and allowed Plaintiff thirty days from the date of entry of the Court's Order to file an amended complaint [Doc. 6]. After Plaintiff filed to respond or file an amended complaint within thirty days, on May 25, 2018, the Court ordered Plaintiff to show cause within fifteen days as to why his case should not be dismissed due to lack of prosecution [Doc. 7].

More than fifteen days have passed, and Plaintiff has failed to amend his complaint or otherwise respond to the Court's Order. Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*,

483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court examines four factors when considering dismissal under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds Plaintiff's failure to respond or comply can be attributed to his own willfulness or fault. Plaintiff failed to file an amended complaint, despite being instructed by the Court to do so. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. "Pro se status does not exempt a plaintiff from the requirement that he comply with relevant rules of procedural and substantive law." *Thorpe v. Ragozzine*, No. 1:07-cv-155, 2008 WL 1859878, at *1 (E.D. Tenn. Apr. 23, 2008) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)). Accordingly, the Court finds the first factor weighs in favor of dismissal.

The second factor does not weigh in favor of dismissal; as the Defendants have not been served, they have not been prejudiced by the delay. However, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with several of the Court's orders, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds

alternative sanctions would not be effective.  Plaintiff filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication Plaintiff has the ability to pay a monetary fine.  Additionally, the Court has provided Plaintiff with several opportunities to respond in order to avoid dismissal.  The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

Accordingly, this action will be **DISMISSED WITH PREJUDICE**, *sua sponte*, for want of prosecution.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing the court's authority to dismiss a case with prejudice *sua sponte* for lack of prosecution); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that a *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Fed. R. App. P. 24.  Therefore, should Plaintiff file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER**.

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**